IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEANA TIPLER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV470 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DOUGLAS COUNTY, NEBRASKA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendants' Motion for Judgment on the Pleadings (Filing No. 13).[1] The defendants filed a brief (Filing No. 14), an index of evidence (Filing No. 15) and a reply brief (Filing No. 20) in support of the motion. The plaintiff filed a brief (Filing No. 18) and an index of evidence (Filing No. 19) in opposition to the motion.

## BACKGROUND

This case arises from the employment relationship between the plaintiff and the defendants. The following facts are alleged in the plaintiff's complaint. **See** Filing No. 1. At all relevant times, the plaintiff was employed by Douglas County as a correctional officer at the Douglas County Correctional Center. The plaintiff commenced her duties as a Correctional Officer I on September 9, 2002, and was subsequently assigned to the "B" shift, which runs from 7:00 a.m. until 3:00 p.m. On May 30, 2003, the plaintiff was told, that effective July 6, 2003, she would be transferred to the "A" shift, which runs from 11:00 p.m. until 7:00 a.m. The reason for the change was because there were not enough female corrections officers on the "A" shift for adequate guarding of female inmates. At that time, the plaintiff had seniority over a number of male correctional officers who were allowed to remain on the "B" shift. The plaintiff states the terms of the Fraternal Order of Police Contract with Douglas County would

---

[1]The undersigned magistrate judge exercises jurisdiction over this matter after consent by the parties and transfer by United States District Court Chief Judge Joseph F. Bataillon. **See** Filing No. 11.

allow the plaintiff to exercise her seniority rights to retain her preferred shift over a less senior male correctional officer.

On October 27, 2003, the plaintiff filed charges of discrimination against the defendants through the Nebraska Equal Opportunity Commission (NEOC). In July 2004, the Equal Employment Opportunity Commission (EEOC) adopted the NEOC's findings and issued the plaintiff a right to sue letter. On September 30, 2004, the plaintiff filed the instant action alleging the defendants discriminated against her on the basis of her gender when they denied her the opportunity to exercise her seniority rights in violation of her civil rights under 42 U.S.C. § 1983 (Claim I); Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-2(a) (Claims II and III); and the Nebraska Fair Employment Act (NFEA), Neb. Rev. Stat. § 48-1102(2) (Claim IV). Based on these claims, the plaintiff seeks compensatory damages, attorney's fees, punitive damages and injunctive relief.

The defendants move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(b)(6) and (c). The defendants argue the plaintiff has failed to state a claim for relief under either § 1983 or Title VII. The defendants contend that to the extent the plaintiff seeks punitive damages in the complaint, those prayers should be dismissed because such punitive damages are prohibited in this case. Finally, the defendants seek dismissal of the plaintiff's NFEA claim. The plaintiff contests the defendants' motion with regard to her § 1983 and Title VII claims. However, the plaintiff concedes punitive damages are not available in this case. **See** Filing No. 18, p. 7. Additionally, the plaintiff concedes her claim brought pursuant to Nebraska statute should be dismissed. *Id.*

## ANALYSIS

### A.   Standard of Review

"After the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court reviews a Rule 12(c) motion under the standard that governs Rule 12(b)(6) motions. ***Jacobsen v. Deseret Book Co.***, 287 F.3d 936, 941 (10th Cir. 2002); ***Westcott v. City of Omaha***, 901 F.2d 1486, 1488 (8th Cir. 1990).

In reviewing a complaint on a Rule 12(b)(6) motion, the Court must consider all of the facts alleged in the complaint as true, and construe the pleadings in a light most favorable to the plaintiff.[2] **See**, **e.g.**, ***Brotherhood of Maint. of Way Employees v. BNSF R.R.***, 270 F.3d 637, 638 (8th Cir. 2001). A dismissal is not lightly granted. "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." ***Young v. City of St. Charles***, 244 F.3d 623, 627 (8th Cir. 2001). When accepting the facts of the complaint as true, a court will not, however, "blindly accept the legal conclusions drawn by the pleader from the facts." ***Westcott v. City of Omaha***, 901 F.2d 1486, 1488 (8th Cir. 1990) (**citing** ***Morgan v. Church's Fried Chicken***, 829 F.2d 10, 12 (6th Cir. 1987)). A dismissal under Rule 12(b)(6) is therefore granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief," ***Schmedding v. Tnemec Co.***, 187 F.3d 862, 864 (8th Cir. 1999), such as a missing allegation about an element necessary to obtain relief or an affirmative defense or other bar, ***Doe v. Hartz***, 134 F.3d 1339, 1341 (8th Cir. 1998). The court does not determine whether the plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to present evidence in support of her claim. ***Doe v. Norwest Bank***, 909 F. Supp. 668, 670 (D. Minn. 1995).

**B.     42 U.S.C. § 1983**

In Claim I, the plaintiff alleges the defendants deprived the plaintiff of her seniority rights. **See** Filing No. 1. The plaintiff alleges such conduct was in violation of the plaintiff's right to equal protection because the deprivation of seniority rights was based on the plaintiff's gender. The defendants contend the plaintiff has failed to allege a violation of her constitutional rights and further fails to allege that a county policy or custom caused her

---

[2]A court may review public documents, such as the EEOC charge, without converting a Rule 12(c) motion to dismiss to one for summary judgment. ***Faibisch v. Univ. of Minn.***, 304 F.3d 797, 802-03 (8th Cir. 2002) (EEOC charge attached to the motion to dismiss); **see** ***Menominee Indian Tribe of Wis. v. Thompson***, 161 F.3d 449, 456 (7th Cir. 1998) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.").

injuries. The plaintiff responds that the allegations contained in the complaint are sufficient to comply with Rule 8 pleading requirements and to survive a motion to dismiss.

A government official may be liable upon a showing of deprivation of a constitutional or federal right. 42 U.S.C. § 1983. To establish a section 1983 cause of action, the plaintiff must establish she was deprived of a right "secured by the Constitution and laws" of the United States, and (2) the deprivation was caused by a person or persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Eighth Circuit has "held intentional gender discrimination in public employment by persons acting under color of state law violates the Equal Protection Clause of the Fourteenth Amendment and is actionable under section 1983." *Ottman v. City of Independence, Mo.*, 341 F.3d 751, 756 (8th Cir. 2003) (**citing** *Marshall v. Kirkland*, 602 F.2d 1282, 1298 (8th Cir. 1979)). To succeed on her claim, the plaintiff must establish intentional gender discrimination. *Texas Dep't. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253-56 (1981). Furthermore, the plaintiff must establish the defendant Robert Houston was personally involved in the violation. **See** *Ottman*, 341 F.3d at 761. While it is unclear whether the plaintiff can prove her allegations, she has plead sufficient facts in the complaint to survive summary judgment as against Mr. Houston.

To impose such liability under § 1983 on a local government, the plaintiff is required to identify either an official municipal policy or a widespread custom or practice that caused the plaintiff's injury. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). This is because a local government cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents on a theory of respondeat superior. **See** *Andrews v. Fowler*, 98 F.3d 1069, 1074 (8th Cir. 1996) (**citing** *Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658, 694 (1978)).

> The identification of an official policy as a basis upon which to impose liability ensures that a municipality is held liable only for constitutional deprivations "resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Similarly, actions performed pursuant to a municipal "custom" not formally approved by an authorized decisionmaker "may fairly subject a

4

> municipality to liability on the theory that the relevant practice is so widespread as to have the force of law."

***Springdale***, 133 F.3d at 651 (**quoting** ***Board of County Comm'rs of Bryan County, Okl. v. Brown***, 520 U.S. 397, 402-03 (1997)).  In this matter, reading the plaintiff's complaint liberally, the plaintiff does allege a constitutional injury was the result of an official policy or widespread custom of the County.  Specifically, the plaintiff alleges her transfer was occasioned by the lack of a sufficient number of female correctional officers on the "A" shift.  The plaintiff argues such occurrence happens with regularity and is remedied by transferring more female correctional officers to the shift.  **See, e.g.,** Filing No. 15, Exhibit 1 (NEOC/EEOC charge).  Accordingly, the plaintiff has sustained her pleading burden and the defendants' motion to dismiss Claim I shall be denied.

### C.    Title VII

The defendants contend the plaintiff has failed to state a claim for relief under Title VII based on gender discrimination because she has failed to allege a prima facie case of discrimination.  Specifically, the defendants argue the plaintiff failed to allege she suffered an adverse employment action when she was transferred from the "B" shift to the "A" shift.  The defendants state the plaintiff underwent no materially significant disadvantage.  The defendants contend the transfer was merely an inconvenience. In contrast, the plaintiff argues the defendants' motion is premature given the lack of discovery in this matter.  Additionally, the plaintiff contends the manner of the transfer affected her seniority rights including her ability to bid on work shifts, take vacation, make overtime, rotate throughout the jail and apply for promotions.

Acts short of termination may constitute adverse employment actions, however, not everything that makes an employee unhappy is actionable.  ***Montandon v. Farmland Indus., Inc.***, 116 F.3d 355, 359 (8th Cir. 1997).  Loss of status and prestige alone do not rise to the level of an adverse employment action.  ***Ledergerber v. Stangler***, 122 F.3d 1142, 1144 (8th Cir. 1997).  To be actionable, the employment action must be "a material change in the terms or conditions of her employment."  ***Id.***  A transfer or reassignment may rise to the level of an

5

adverse employment condition if it is "a significant change in working conditions." ***Fisher v. Pharmacia & Upjohn***, 225 F.3d 915, 919 (8th Cir. 2000) (holding reassignment to less prestigious sales unit was an adverse employment action); ***Zotos v. Lindbergh Sch. Dist.***, 121 F.3d 356, 362 (8th Cir. 1997) (holding teacher's transfer from class for gifted students to regular classroom constituted an adverse employment action); **cf. *Harlston v. McDonnell Douglas Corp.***, 37 F.3d 379, 382 (8th Cir. 1994) (holding job transfer resulting in fewer secretarial duties and more stress was merely inconvenient, rather than an adverse employment action).

Whether the changes in the intangible employment conditions were significant or material remains a disputed material fact. ***Meyers v. Nebraska Health & Human Servs.***, 324 F.3d 655, 660 (8th Cir. 2003). Additionally, the plaintiff has alleged tangible effects on her employment. It is unclear based on the allegations in the pleadings whether the plaintiff could withstand a motion for summary judgment, however the allegations in the complaint are sufficient to state a claim for relief. Therefore, the court finds the defendants have failed to show that it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling her to relief under Title VII for gender discrimination. Accordingly, the defendants' motion to dismiss Claims II and III are denied. Upon consideration,

**IT IS ORDERED:**

1. The defendants' Motion for Judgment on the Pleadings (Filing No. 13) is granted in part and denied in part. The defendants' motion is granted with regard to Claim IV, alleged pursuant to the Nebraska Fair Employment Act, and any prayer for punitive damages. The defendants' motion is denied in all other respects.

2. The plaintiff shall have to **on or before May 23, 2005**, to file an Amended Complaint in accordance with this order.

DATED this 10th day of May, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge